```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :    INDICTMENT
                                 :
         - v. -                  :    21 Cr.
                                 :
ADAMU ALHASSAN,                  :
    a/k/a "Bukari,"              :    21 CRIM 523
ABDUL MUMUNI,                    :
GERALD ATO BARNES,               :
    a/k/a "Atto,"                :
SHATIR TAWFIQ                    :
                                 :
         Defendants.             :
                                 :
- - - - - - - - - - - - - - - - X
```

## COUNT ONE

### (Conspiracy to Transport Stolen Vehicles)

The Grand Jury charges:

1. From at least in or about September 2017, up to and including at least in or about July 2021, in the Southern District of New York and elsewhere, ADAMU ALHASSAN, GERALD ATO BARNES, ABDUL MUMUNI, and SHATIR TAWFIQ, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to transport stolen vehicles in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2312.

2. It was a part and an object of the conspiracy that ADAMO ALHASSAN, GERALD ATO BARNES, ABDUL MUMUNI, and SHATIR TAWFIQ, the defendants, and others known and unknown, would and

did transport in interstate and foreign commerce, motor vehicles, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2312.

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal objects thereof, ADAMO ALHASSAN, GERALD ATO BARNES, ABDUL MUMUNI, and SHATIR TAWFIQ, the defendants, together with others known and unknown, committed the following overt acts, in the Southern District of New York and elsewhere:

    a. In or about May 2020, MUMUNI caused a stolen 2017 Hyundai Genesis G80, a stolen 2017 Land Rover, and a stolen 2015 Audi A4 to be transported from New Jersey to the Bronx, New York.

    b. Between in or about April 2020 and in or about September 2020, BARNES caused a stolen 2013 Hyundai Sonata and a stolen 2018 Toyota Camry to be transported from New Jersey to the Bronx, New York, and also caused a stolen 2014 Mercedes Benz CLA250 to be transported from Tennessee to the Bronx, New York.

    c. In or about January 2021, ALHASSAN caused a stolen 2018 Land Rover Range Rover Velar P380 HSE and a stolen 2020 Dodge Ram 1500 to be transported from New York and New Jersey to a shipping container in the Ports of New York and New Jersey for subsequent shipment to Ghana.

d. From in or about December 2019 to at least March 2021, TAWFIQ caused multiple vehicles, including a 2015 Ford Flex, to be transported from various locations across the United States to the Ports of New York and New Jersey for subsequent shipment to Ghana.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Interstate Transportation of Stolen Vehicles)

The Grand Jury charges:

4. From at least in or about September 2017, up to and including at least in or about July 2021, in the Southern District of New York and elsewhere, ADAMU ALHASSAN, GERALD ATO BARNES, ABDUL MUMUNI, and SHATIR TAWFIQ, the defendants, together with others known and unknown, willfully and knowingly transported in interstate and foreign commerce, motor vehicles, knowing the same to have been stolen, to wit, ALHASSAN, BARNES, MUMUNI, and TAWFIQ caused numerous vehicles to be transported from various locations to the Bronx or the Ports of New York and New Jersey, and also attempted to ship those vehicles to Ghana.

(Title 18, United States Code, Sections 2312 and 2.)

## FORFEITURE ALLEGATION

5. As a result of committing the offenses alleged in Counts One and Two of this Indictment, ADAMU ALHASSAN, GERALD ATO BARNES, ABDUL MUMUNI, and SHATIR TAWFIQ, the defendants,

3

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(5), any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, from the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of gross proceeds traceable to the commission of said offense and the following specific property:

      a.    2017 Land Rover with the VIN SALWR2FK8HA124780;

      b.    2015 Audi A4 with the VIN WAUFFAFL1FN009086;

      c.    2018 Toyota Camry with the VIN 4T1B11HK7JU015487;

      d.    2013 Hyundai Sonata with the VIN 5NPEC4AC6DH697700;

      e.    2014 Mercedes-Benz CLA with the VIN WDDSJGB9EN120996

      f.    2014 Mercedes Benz C Class C250 with the VIN WDDGF4HB8ER306902

      g.    2017 Hyundai Genesis G80 with the VIN KMHGN4JE8HU190759;

      h.    2015 Mercedes Benz C Class C300 with the VIN 55SWF4KBXFU017153;

      i.    2019 BMW XS Xdrive401 with the VIN 5UXCR6C52KLL08753;

      j.    2017 Toyota Highlander with the VIN 5TDZZRFH6HS224042;

      k.    2017 Lexus GX 460 with the VIN JTJBM7FX2H5170107;

      l.    2015 Ford Flex with the VIN 2FMGK5C8XFBA14255;

      m.    2019 Mercedes Benz G-Wagen G55 with the VIN WDCYC6BJ3KX328584;

      n.    2017 Toyota Tacoma with the VIN 5TFGZ5ANXHX079790;

      o.    2020 Honda CRV with the VIN 2HKRW2H90LH629625;

      p.    2021 Honda Pilot with the VIN 5FNYF6H03MB003331;

      q.    2015 Mercedes Benz GLK350 with the VIN WDCG8JB9FG337933;

      r.    2020 Honda CRV with the VIN 2HKRW2H52HH688938;

      s.    2020 Honda CRV with the VIN 7FARW2H56LE012648;

      t.    2016 Toyota Highlander with the VIN 5TDJKRFH3GS342758;

      u.    2018 Honda Accord with the VIN 1HGCV1F45JA197257;

      v.    2020 Ford Explorer with the VIN 1FM5K8GC5LGC12057;

      w.    2020 Land Rover with the VIN SALWR2SU5LA883001;

      x.    2020 Honda Accord with the VIN 1HGCV2F36LA030910;

      y.    2020 Honda Accord with the VIN 1HGCV2F32LA009276;

      z.    2021 Jeep Grand Cherokee with the VIN 1C4RJFBG3MC508601; and

      aa.    2019 Honda Pilot with the VIN 5FNYF6H07KB017262.

### Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____     _____
FOREPERSON                              AUDREY STRAUSS
                                        United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.

ADAMU ALHASSAN,
    a/k/a "Bukari,"
ABDUL MUMUNI,
GERALD ATO BARNES,
    a/k/a "Atto,"
SHATIR TAWFIQ,

Defendants.

---

**INDICTMENT**

21 Cr.

(18 U.S.C. §§ 371, 2312, and 2.)

---

AUDREY STRAUSS
United States Attorney

*/s/ [signature]*
Foreperson

---

8/17/2021
NE

Indictment filed

Case Assigned to Judge Furman

wheel B

M.J. Cave
USMJ