UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>    v.<br><br>Adamu Alhassan,<br>   a/k/a "Bukari,"<br>Abdul Mumuni,<br>Gerald Ato Barnes,<br>   a/k/a "Atto,"<br>Shatir Tawfiq,<br><br>       *Defendants.* | **Protective Order**<br><br>**21 Cr. 523 (JMF)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Sensitive Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; or (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

2. **Attorney Possession Only Material.** Certain discovery materials in this case may raise a particular risk of identifying, or leading to the identification of, witnesses who may be subject to risk of harm absent protective considerations. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Attorney Possession Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney Possession Only," shall be deemed "Attorney Possession Only Material." Any material designated as Attorney Possession Only Material shall also be deemed Sensitive Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Except for Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sensitive Material, including the seized ESI Sensitive Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

4. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sensitive Material. All such persons shall be subject to the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Sensitive Material has been disclosed to which such persons.

5. Attorney Possession Only Material may be disclosed by defense counsel to personnel for whose conduct counsel is responsible—that is, personnel employed by or retained by counsel, as needed for purposes of defending this action—and the contents of Attorney Possession Only Material may be shared with the defendants. Attorney Possession Only Material, however, shall be kept in the sole possession of defense counsel or personnel for whose conduct defense counsel is responsible; shall not be reviewed or maintained by the defendants outside the presence of defense counsel or personnel for whose conduct defense counsel is responsible; and shall not be copied or otherwise recorded by the defendants.

6. The Government may authorize, in writing, disclosure of Sensitive Material or Attorney Possession Only Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Sensitive Material or Attorney Possession Only Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. In the event of any dispute as to the Government's designation of particular discovery materials as Sensitive Material or Attorney Possession Only Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Sensitive Material or Attorney Possession Only Material designation of the disputed materials.

Absent a contrary order of this Court, the Government's designation of discovery materials as Sensitive Material or Attorney Possession Only Material shall be controlling.

9. This Order places no restriction on any defendant's use or disclosure of ESI that originally belonged to that defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

by: /s/ _____  Date: 9/17/2021
    Kevin Mead
    Jane Chong
    Assistant United States Attorneys

    _____  Date: 9/16/21
    Sam Schmidt
    Counsel for Adamu Adhassan

    _____  Date: 9/16/21
    Matthew Galluzzo
    Counsel for Gerald Ato Barnes

    _____  Date: 9/16/21
    Andrew Dalack
    Counsel for Abdul Mumuni

    _____  Date: 9/17/21
    Xavier Donaldson
    Counsel for Shatir Tawfiq

SO ORDERED:

Dated: New York, New York
       September 20, 2021

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE